COMMONWEALTH *vs.* BRIAN C. DEE. February 13, 2012. *Controlled Substances. Statute,* Construction, Repeal. *Words,* "Distribution," "Sale."

Following a reported question by a District Court judge, we transferred this case from the Appeals Court on our own motion to decide whether, in view of the enactment of G. L. c. 94C, § 32L, inserted by St. 2008, c. 387, § 2, which decriminalized possession of one ounce or less of marijuana, a defendant may be criminally charged with possession with intent to distribute marijuana, in violation of G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less. Our conclusion in *Commonwealth* v. *Keefner, ante* 507 (2012), is dispositive here and compels us to answer the reported question, which appears below, in the negative.

1. *Background.* The defendant is charged with possession of a class D controlled substance (marijuana), G. L. c. 94C, § 34; possession of a class D controlled substance (marijuana) with intent to distribute, G. L. c. 94C, § 32C (*a*); and committing a controlled substance violation in a school zone, G. L. c. 94C, § 32J. The charges stem from an incident that occurred on June 16, 2009.[1] On that day Natick police officers, together with members of the "Metropolitan SWAT Team," executed a search warrant at a residence in Natick. After securing the residence, which was not occupied, and commencing the search, officers saw Dee walk up to the front steps and look inside the residence. Officers approached the defendant and asked him what he was doing. The defendant replied that "he was looking for 'Vinny.' " Detective Brian Ingham asked if Vinny lived on the second floor of the residence and the defendant replied that he did. Because of the type of activity that had been occurring at the residence and the nature of the police investigation, Detective Ingham conducted a pat frisk of the defendant for weapons. In so doing, Detective Ingham smelled what he recognized from his training and experience to be a strong odor of

---

[1]The facts are taken from the judge's report. The judge set forth the facts only for the purposes of reporting the question. We supplement the facts with content taken from two police reports in the record.

unburnt marijuana coming from the defendant's backpack. Detective Ingham placed the defendant in handcuffs and then opened the backpack. Inside, he found a cellular telephone and charger, a small bottle of eye drops, rolling papers, $530 in cash, and fourteen individually wrapped plastic baggies containing marijuana.[2] In Detective Ingham's opinion, the packaging of the marijuana was consistent with an intent to distribute it. The total weight of the marijuana was 12.99 grams, which is less than one ounce. The offense allegedly took place within 1,000 feet of a school zone.

The defendant filed a motion to dismiss the charges, arguing that because the possession of one ounce or less of marijuana is only a civil infraction, possession of marijuana of one ounce or less with the intent to distribute "is no longer a criminal offense." Thereafter, in response to a "motion to initiate a reported question" filed by both parties, the District Court judge stayed further proceedings and reported the following question: "Did the passage of G. L. c. 94C, § 32L, decriminalize possession with intent to distribute marijuana when the amount of marijuana seized is under one ounce?"

2. *Discussion.* In *Commonwealth* v. *Keefner, supra,* we were confronted with the same issue. We concluded that the passage of G. L. c. 94C, § 32L, did not repeal the offense of possession of marijuana with intent to distribute, in violation of G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less. *Id.* at 514. We also determined that, while the sale of any amount of marijuana remains a criminal offense under G. L. c. 94C, § 32L, third par., a prosecution under G. L. c. 94C, § 32C (*a*), is not limited solely to situations where the "distribution" involves a sale. *Id.* at 514-515.

3. *Conclusion.* We answer, "No," to the reported question, and remand the case to the District Court for further proceedings consistent with our opinion.

*So ordered.*

*Melissa Weisgold Johnsen,* Assistant District Attorney, for the Commonwealth.

*David M. Skeels,* Committee for Public Counsel Services (*Lisa A. Ruggieri & Jocelyn A. Thomsen* with him) for the defendant.

---

[2]There is no dispute that a subsequent chemical analysis of the substance seized confirmed that it was marijuana.